**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WARREN EASLEY, | : | |
| Plaintiff, | : | |
| | : | No.  2:23-CV-01718 |
| v. | : | |
| | : | Judge Goldberg |
| JOHN WETZEL, et al., | : | |
| | : | Electronically Filed Document |
| Defendants. | : | |
| | : | *Complaint Filed 05/03/23* |
| | : | |

## ORDER

AND NOW, this _____ day of _____, 2024, upon consideration of Commonwealth Defendants' Motion to Stay Discovery and any responses thereto, it is hereby ORDERED that Commonwealth Defendants' Motion to Stay Discovery is GRANTED. Discovery is stayed as to Commonwealth Defendants pending the outcome of Commonwealth Defendants' Motion to Partially Dismiss Plaintiff's Complaint.

 

**HONORABLE MITCHELL S. GOLDBERG**
**United States District Judge**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WARREN EASLEY, | : | |
| Plaintiff, | : | |
| | : | No. 2:23-CV-01718 |
| v. | : | |
| | : | Judge Goldberg |
| JOHN WETZEL, et al., | : | |
| | : | Electronically Filed Document |
| Defendants. | : | |
| | : | *Complaint Filed 05/03/23* |
| | : | |

## COMMONWEALTH DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants John Wetzel, George Little, Mandy Sipple, Jaime Sorber, Tabb Bickell (incorrectly identified as "Tabe Bickell"), Joseph Terra, David Mascellino (incorrectly identified as "Mascilino"), Andrew Reber, Jamie Luquis, Kevin Young, Michael Bianco (incorrectly identified as "Blanco"), Michelle Trinh, Jonathan Hall, Dion Hunter, Matthew Kull (incorrectly identified as "Kroll"), Kysherald Patterson, Ijia Phillips, James Nicholson, Richard Thompson, George Smits, Joseph Gonzalez, Devon Voorhees, James Martin, Anthony Talarico (incorrectly identified as "Talirico"), Moises Mateus (incorrectly identified as "Mattues"), Tyler Moser, Jeff Brewer, Jamal Gilliard (incorrectly identified as "Gill), and Anthony Hamilton (collectively, "Commonwealth Defendants"), by and through counsel, respectfully move for an Order staying discovery pending the outcome of Commonwealth Defendants' Motion to Partially Dismiss Plaintiff's Complaint, and aver as follows:

1. Plaintiff, *pro se*, commenced this civil action by filing a Complaint on May 3, 2023. (ECF No. 2).

2. Plaintiff's Complaint is advanced under 42 U.S.C. § 1983 ("Section 1983"), and alleges, *inter alia*, that Commonwealth Defendants violated his constitutional rights during his

incarceration within State Correctional Institution–Phoenix ("SCI–Phoenix"), including his Eighth Amendment rights through the apparent use of excessive force, denial of medical care, and by confining Plaintiff within the Intensive Management Unit ("IMU") and placing Plaintiff on the Restricted Release List ("RRL"); his First Amendment rights by withholding four (4) of Plaintiff's "non-nude magazines"; and his Fourteenth Amendment right to due process by confining Plaintiff within the IMU and placing him on the RRL. (ECF No. 2).

3. Plaintiff's Complaint additionally advances a cause of action in tort under Pennsylvania law, alleging Commonwealth Defendants "trashed" Plaintiff's property which was in his cell. (ECF No. 2).

4. Plaintiff's Complaint was served upon Commonwealth Defendants on July 6 and 12, 2023.

5. Following service, the civil action was referred to the Pennsylvania Office of Attorney General for representation on July 17, 2023.

6. Counsel for Commonwealth Defendants entered an appearance in this action on July 27, 2023. (ECF No. 12).

7. Commonwealth Defendants filed a Motion for Extension of Time to Respond to Plaintiff's Complaint on July 27, 2023. (ECF No. 13).

8. This Honorable Court granted Commonwealth Defendants' Motion for Extension of Time, ordering that Commonwealth Defendants must answer or otherwise respond to Plaintiff's Complaint no later than September 5, 2023. (ECF No. 14).

9. On September 5, 2023, Commonwealth Defendants filed a Motion to Partially Dismiss Plaintiff's Complaint, requesting dismissal of the entirety of Plaintiff's First

3

Amendment claim, the entirety of Plaintiff's Fourteenth Amendment claim, the entirety of Plaintiff's tort claim under Pennsylvania law, and a portion of Plaintiff's Eighth Amendment claim based upon the denial of medical care and Plaintiff's placement in the IMU and on the RRL. (ECF No. 22).

10. Commonwealth Defendants argue dismissal of Plaintiff's First, Fourteenth, and Eighth[1] Amendment claims is warranted based upon Plaintiff's failure to state a claim. (ECF No. 22).

11. Commonwealth Defendants argue dismissal of Plaintiff's tort claim under Pennsylvania law is warranted as Commonwealth Defendants enjoy sovereign immunity and are immune from suit. (ECF No. 22).

12. Prior to the Court's issuance of a ruling upon Commonwealth Defendants' Motion to Partially Dismiss Plaintiff's Complaint, Plaintiff served "Requests for Production of Documents, Electronically Stored Video, Photographs, and Audio" and "Interrogatories and Requests for Production of Documents" upon Commonwealth Defendants on January 30, 2024 and March 6, 2024, respectively.

13. Plaintiff's written discovery is premature at this juncture of the litigation as the pleadings have not been finalized, and it is uncertain which of Plaintiff's claims will survive Commonwealth Defendants' pending Motion to Partially Dismiss.

14. The Third Circuit has routinely held that the purpose of a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) is to "enable defendants to challenge the

---

[1] Commonwealth Defendants' Motion to Partially Dismiss Plaintiff's Complaint does not move to dismiss Plaintiff's Eighth Amendment claim made with respect to excessive force. (ECF No. 22).

4

legal sufficiency of complaint *without subjecting themselves to discovery*." *Mann v. Brenner*, 375 Fed. Appx. 232, 239 (3d Cir. 2010) (emphasis added).

15. Furthermore, the United States Supreme Court has made clear that a party asserting an immunity defense is entitled to freedom not just from liability, but also from the burden of litigation, including discovery. *Wyatt v. Cole*, 504 U.S. 158, 166 (1982) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 523 (1985)).

16. In summary, requiring Commonwealth Defendants to respond to Plaintiff's written discovery at this time would be futile as there is a probable likelihood that the Court's ruling upon Commonwealth Defendants' Motion to Partially Dismiss Plaintiff's Complaint will "result in a narrowing or an outright elimination of discovery" in this action. *19th Street Baptist Church v. St. Peters Episcopal Church*, No. 95-1831, 1995 WL 273678 at *2 (E.D. Pa. May 3, 1995).

I.  **LEGAL ARGUMENT**

Commonwealth Defendants presently move for an Order staying discovery pending the outcome of Commonwealth Defendants' Motion to Partially Dismiss Plaintiff's Complaint.

"The Federal Rules of Civil Procedure do not expressly provide for a stay of discovery, however, '[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket . . . . How this can be best done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.' " *Feibush v. Johnson*, 280 F.Supp.3d 663, 664 (E.D. Pa. 2017) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55).

As our United States Supreme Court has recognized, the procedure afforded by Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss factually insufficient claims in order

to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  Similarly, the Third Circuit has noted that the purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to "enable defendants to challenge the legal sufficiency of complaint *without subjecting themselves to discovery*."  *Brenner*, 375 Fed. Appx. at 239 (emphasis added).  With the aforementioned principles in mind, trial courts within the Third Circuit have regularly entertained and granted motions to stay discovery pending the resolution of a motion to dismiss filed by a defendant.  *See Jackson v. Northern Telecom, Inc.*, No. 90-0201, 1990 WL 39311 at *1 (E.D. Pa. Mar. 30, 1990) (granting a motion to stay discovery pending a ruling upon defendant's motion to dismiss, reasoning that such a stay will prevent "unnecessary and expensive discovery"); *see also Weisman v. Mediq, Inc.*, No. 95-1831, 1995 WL 273678 at *2  (E.D. Pa. May 3, 1995) (granting a motion to stay discovery pending a ruling upon defendant's motion to dismiss on the ground the parties do not have "full knowledge as to which claims are viable and, correspondingly, . . . what discovery need occur.  In short, the stay will potentially save time and money for all concerned.").

     Furthermore, where a motion to dismiss is made on the basis of an immunity defense, trial courts routinely welcome a stay of discovery until a ruling upon the immunity defense is reached.  This is so because immunity defenses offer "an *immunity from suit* rather than a mere defense to liability[.]"  *Mitchell v. Forsyth*, 472 U.S. 511, 512 (1985) (emphasis in original).  It has been long established that, once immunity has been asserted as a defense, discovery should not be allowed *until* this threshold immunity question is resolved.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold question of immunity is resolved, discovery should not be allowed.").  This principle was reiterated by the United States Supreme Court in *Ashcroft*

*v. Iqbal*, 556 U.S. 662 (2009), a seminal case concerning the standards of pleading and motions to dismiss. There, the United States Supreme Court refrained from allowing even *limited discovery* in a case where an immunity defense was raised in a pending motion to dismiss, reasoning that the thrust of an immunity doctrine is to "free officials from the concerns of litigation, including 'avoidance of disruptive discovery'." *Iqbal*, 556 U.S. at 685-86.

Commonwealth Defendants respectfully request a stay of discovery pending the disposition of Commonwealth Defendants' pending Motion to Partially Dismiss Plaintiff's Complaint (hereinafter, "Motion to Dismiss"). Currently, Commonwealth Defendants' Motion to Dismiss remains pending, and, as a result, the pleadings are in a state of uncertainty. It is entirely unclear at this juncture of the litigation which claims asserted in Plaintiff's Complaint will survive Commonwealth Defendants' Motion to Dismiss. To require Commonwealth Defendants' participation in discovery at this time would cause a waste of party resources as Commonwealth Defendants would expend precious time and money responding to discovery which is applicable to claims that may ultimately be dismissed from consideration.

Additionally, requiring Commonwealth Defendants' participation in discovery would undermine the principles applicable to an immunity defense. As stated within *Harlow* and *Mitchell* and, echoed thereafter within *Iqbal*, our Supreme Court has repeatedly stated that discovery should not be permitted *prior to* the resolution of an immunity defense advanced within a motion to dismiss. *Harlow*, 457 U.S. at 818; *Mitchell*, 472 U.S. at 512; *Iqbal*, 556 U.S. at 685-86. Commonwealth Defendants' Motion to Dismiss raises an immunity defense and, therefore, the principles repeatedly asserted by our Supreme Court are unquestionably applicable and discovery should not be permitted "*until* this threshold question of immunity is resolved".

7

ECF No. 22 at 18-19 (asserting sovereign immunity with respect to Pennsylvania state law tort claim); *Harlow*, 457 U.S. at 818.

## II.     CONCLUSION

For the reasons stated herein, Commonwealth Defendants respectfully request that this Honorable Court enter an Order staying discovery in this matter pending the resolution of Commonwealth Defendants' Motion to Partially Dismiss Plaintiff's Complaint.

Respectfully submitted,

Dated: March 13, 2024

MICHELLE A. HENRY
Attorney General

By: */s/ Sarin V. Keosian-Frounjian*

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
1600 Arch Street, Suite 300
Philadelphia, PA 19103
Phone: (215) 560-2128
skeosianfrounjian@attorneygeneral.gov

SARIN V. KEOSIAN-FROUNJIAN
Deputy Attorney General
Attorney ID 329591

*Counsel for Defendants Wetzel, Little, Bickell, Sorber, Sipple, Terra, Mascellino, Reber, Luquis, Young, Bianco, Trinh, Hall, Hunger, Kull, Patterson, Phillips, Thompson, Smits, Gonzalez, Voorhees, Martin, Talarico, Mateus, Moser, Brewer, Gilliard, Nicholson, and Hamilton*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WARREN EASLEY, | : | |
| Plaintiff, | : | |
| | : | No. 2:23-CV-01718 |
| v. | : | |
| | : | Judge Goldberg |
| JOHN WETZEL, et al., | : | |
| | : | Electronically Filed Document |
| Defendants. | : | |
| | : | *Complaint Filed 05/03/23* |
| | : | |

**CERTIFICATE OF SERVICE**

I, Sarin V. Keosian-Frounjian, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on March 13, 2024, I caused to be served a true and correct copy of the foregoing document titled, "Commonwealth Defendants' Motion to Stay Discovery", to the following:

**VIA U.S. MAIL**
**Smart Communications/PADOC**
**Warren Easley, KA-1544**
**SCI Rockview**
**PO Box 33028**
**St. Petersburg, FL 33733**
*Pro Se Plaintiff*

**VIA ECF**
**Keanna A. Seabrooks, Esquire**
**Weber Gallagher Simpson Stapleton**
   **Fires & Newby LLP**
**Four PPG, 5th Floor**
**Pittsburgh, PA 15222**
**kseabrooks@wglaw.com**
*Counsel for Defendants Brazel, Goldberg, Amino, Jeanne and Welsh*

　　　　　　　　　　　　　　　　　　　 */s/ Sarin V. Keosian-Frounjian*
　　　　　　　　　　　　　　　　　　　**SARIN V. KEOSIAN-FROUNJIAN**
　　　　　　　　　　　　　　　　　　　**Deputy Attorney General**